ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

---

GARDEN CITY BOXING CLUB, INC.,
as Broadcast Licensee of the **May 3, 2003
DeLaHoya/Campas**, Program,

        Plaintiff,

-against-

SHANE A. HIGGINS, Individually, and as officer, director, shareholder and/or principal of BILLS INCORPORATED d/b/a DUFFY'S TAVERN, and BILLS INCORPORATED d/b/a DUFFY'S TAVERN;

        Defendants.

---

**FIRST AMENDED COMPLAINT**

Civil Action No. 04-12014 PBS/JGD

Plaintiff, **GARDEN CITY BOXING CLUB, INC.,** by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 47 U.S.C. §§ 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, <u>inter alia,</u> all defendants reside within the Commonwealth of Massachusetts (28 U.S.C. § 1391(b) and 28 U.S.C. §101).

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the Commonwealth of Massachusetts.

## THE PARTIES

5. The plaintiff, **GARDEN CITY BOXING CLUB, INC.**, is a California corporation with its principal place of business located at 2380 So. Bascom Avenue, Suite 200, Campbell, CA 95008.

6. Upon information and belief the defendant, **SHANE A. HIGGINS**, resides in the Commonwealth of Massachusetts.

7. Upon information and belief, the defendant, BILLS INCORPORATED d/b/a DUFFY'S TAVERN, is a business entity, the exact nature of which is unknown, having its principal place of business at 22 Jackson Street, Lawrence, MA 01840.

8. Upon information and belief, the defendant, BILLS INCORPORATED d/b/a DUFFY'S TAVERN, is a Domestic Corporation, incorporated and licensed to do business in the Commonwealth of Massachusetts.

9. Upon information and belief, the defendant, BILLS INCORPORATED d/b/a DUFFY'S

TAVERN, is a partnership licensed to do business in the Commonwealth of Massachusetts.

10. Upon information and belief, the defendant, BILLS INCORPORATED d/b/a DUFFY'S TAVERN, is a sole proprietorship licensed to do business in the Commonwealth of Massachusetts.

## COUNT I

11. Plaintiff, **GARDEN CITY BOXING CLUB, INC.**, hereby incorporates by reference all of the allegations contained in paragraphs "1" through "10", inclusive, as though set forth herein at length.

12. By contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, was granted the right to distribute the **DeLaHoya/Campas** program (this includes all undercard bouts and the entire television broadcast) scheduled for **May 3, 2003** via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

13. Pursuant to the contract, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, entered into subsequent agreements with various entities in the Commonwealth of Massachusetts, allowing them to publicly exhibit the Program to their patrons.

14. Plaintiff, **GARDEN CITY BOXING CLUB, INC.**, expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the Commonwealth of Massachusetts, which in turn, entered into agreements with plaintiff, **GARDEN CITY BOXING CLUB, INC.**, to exhibit the Program to their patrons.

15. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16. Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

17. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.**, had the distribution rights thereto.

18. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

19. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.**, has a private right of action pursuant to 47 U.S.C. §605.

20. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **GARDEN CITY BOXING CLUB, INC.**, is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

21. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

22. Plaintiff hereby incorporates paragraphs "1" through "21", inclusive, as though fully set forth herein.

23. Upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

24. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know that it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services, such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.**, had the distribution rights thereto, or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

25. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, has a private right of action pursuant to 47 U.S.C. §605.

26. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **GARDEN CITY BOXING CLUB, INC.**, is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant

27. Pursuant to 47 U.S.C. §605, plaintiff, **GARDEN CITY BOXING CLUB, INC.**, is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT III

28. Plaintiff hereby incorporates paragraphs "1" through "27", inclusive, as though fully set forth herein at length.

29. Upon information and belief, with full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff, **GARDEN CITY BOXING CLUB, INC.**, had the distribution rights thereto.

31. Upon information and belief, the defendants individually, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff, **GARDEN CITY BOXING CLUB, INC.**, requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) On the first cause of action, statutory penalties in the amount of $110,000.00 as

to each defendant for their willful violation of 47 U.S.C. §605 (a);

(b) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(c) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U.S.C. § 605 (e) (3) (B) (iii) and §553 (c) (2)(c), together with such other and further relief as this Court may deem just and proper.

Dated: October 13, 2004
      Ellenville, New York

GARDEN CITY BOXING CLUB, INC.

By: _____
WAYNE D. LONSTEIN, ESQ..
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill : P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
Our File No. 03-5MA-05G