UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

---------------------------------------------------------------

**GARDEN CITY BOXING CLUB, INC.,**
as Broadcast Licensee of the **May 3, 2003**
**DeLaHoya/Campas**, Program,

                     Plaintiff,        **AFFIDAVIT IN SUPPORT OF**
                                         **MOTION FOR ENTRY OF DEFAULT**
  -against-                                  Civil Action No.  04-12014 PBS/JGD
                                                 Honorable Patti B. Saris

SHANE A. HIGGINS, *et al.,*

                     Defendants.

---------------------------------------------------------------

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF ULSTER   )

      WAYNE D. LONSTEIN, being duly sworn, deposes and says:

      1.      That I am the attorney for Plaintiff, Garden City Boxing Club, Inc., in the above referenced matter and I am admitted to practice in this Court.  I am fully familiar with all the facts, circumstances and proceedings heretofore had herein.

      2.      The Plaintiff owned the commercial rights to distribute the DeLaHoya/Campas boxing match on May 3, 2003, to commercial establishments for a licensing fee.  The Defendants herein did not purchase the rights to intercept and exhibit this encrypted boxing match from the Plaintiff, but intercepted and exhibited same without legal authorization.

      3.      On any given occasion when an encrypted program is being broadcast, such as a prize fight, private auditors identify commercial establishments intercepting and exhibiting the program without paying the Plaintiff for the right to do so.  In advance, Plaintiff provides auditors with a list

of legal paying locations within Massachusetts and a team of auditors visit any commercial establishment within any particular territory which is not named on the legal list during the time of the transmission of the prize fight. Attached hereto as Exhibit "A," is a copy of the Affidavit of the witness verifying the exhibition of the boxing program at Defendants' commercial establishment.

4. This action was commenced pursuant to 47 U.S.C. §605, *et seq*. The Amended Summons and First Amended Complaint were served on Defendants, **SHANE A. HIGGINS, Individually, and as officer, director, shareholder and/or principal of BILLS INCORPORATED d/b/a DUFFY'S TAVERN, and BILLS INCORPORATED d/b/a DUFFY'S TAVERN,** as set forth in the proofs of service by Rober J. DeBenedette, which were filed with the Court on December 1, 2004, copies of which are annexed hereto as Exhibit "B."

5. The time within which the Defendants may answer or otherwise move with respect to the First Amended Complaint herein has expired. None of the above cited Defendants have answered or otherwise moved with respect to the First Amended Complaint, and the time for the Defendants to do so has not been extended.

6. The aforementioned Defendants failed to Answer or otherwise respond to the pleadings. As such, the Defendants were defaulted on the 18th day of November, 2004. A copy of the Notice of Default is annexed hereto as Exhibit "C."

7. Said Defendants are not infants or incompetents. Upon information and belief, none of the Defendants are presently in the military service of the United States.

8. Said Defendants,

**SHANE A. HIGGINS, Individually**

**BILLS INCORPORATED d/b/a DUFFY'S TAVERN**

are indebted to the Plaintiff in the following manner:

Plaintiff, by contract, was granted the right to distribute the DeLaHoya/Campas boxing match scheduled for May 3, 2003, via closed circuit television. Pursuant to the aforesaid contract, Plaintiff entered into subsequent agreements with various entities in the Commonwealth of Massachusetts, allowing them to publicly exhibit the program to their patrons. Plaintiff expended substantial monies in consideration of the aforementioned agreement to transmit the said boxing match to those entities within the Commonwealth of Massachusetts who had contracted for same with the Plaintiff for exhibition to their patrons.

The Defendants and/or his/her/its/their agents, servants, workmen or employees, with full knowledge that said closed circuit program was not to be received and/or exhibited by entities unauthorized to do so, did, at the time of its transmission, exhibit the closed circuit program at its principal place of business willfully, and for purposes of direct or indirect commercial advantage or private financial gain and with the intent of willfully defrauding the Plaintiff of revenue.

As a result thereof, Plaintiff was damaged as follows:

**STATUTORY CLAIMS**

Your deponent respectfully submits to the Court that, pursuant to 47 U.S.C. §605 (e)(3)(C)(i)(II), Defendants are indebted to Plaintiff for the unlawful exhibition for commercial advantage of the closed circuit television signal of the DeLaHoya/Campas boxing match on May 3, 2003, in the sum of $10,000.00. See, Subscription Television of Greater Washington v Kaufman, B.C., D.C. 606 F. Supp. 1540 (1985); International Cablevision, Inc. v. Sykes, 997 F. 2d 998 (2nd Cir. 1993).

In addition, Plaintiff is entitled to the statutory damage amount, within the Court's discretion,

of up to $100,000.00 for the intentional unlawful interception of the closed circuit television signal of the DeLaHoya/Campas boxing match on May 3, 2003, pursuant to 47 U.S.C. §605(e)(3)(C)(ii).

The defaulting Defendants willfully and knowingly violated said federal statute. Their actions in purposely defrauding Plaintiff were affirmative and could only have been accomplished by overt acts done to avoid paying the legal subscription rate for a commercial establishment. The fact that the exhibition of the event was witnessed by the auditor in Defendants' commercial establishment demonstrates that it was a *de facto* illegal showing, as said establishment was not a legal subscriber to Plaintiff's programming.

Defendants' overt acts included one or more of the following four scenarios: use of illegal deciphering chip (descrambler) in a satellite receiver; possession of a pirate cable box commonly known as a "black box"; registering their commercial establishment as a residential account instead of a commercial account; or ordering the event for their residence and moving their residential box to the commercial location. Any of the aforementioned acts were intentional and were performed for commercial financial gain and all required scheming and overt acts justifying the imposition of the maximum statutory damages.

Based on the foregoing, Plaintiff respectfully requests that statutory damages in an amount within the Court's discretion, of up to $110,000.00, be awarded against the defaulting Defendants as allowed under 47 U.S.C. § 605 (e)(3)(C)(i)(II) and (e)(3)(C)(ii). Plaintiff further requests interest at the rate of nine (9 %) per cent on said sum of $110,000.00 from the 3rd day of May, 2003.

Plaintiff requests judgment by default on each cause of action against each Defendant jointly and severally as follows:

**SHANE A. HIGGINS, Individually,** in the aggregate sum of ONE HUNDRED TEN

THOUSAND THREE HUNDRED NINETY-TWO and 50/100 DOLLARS ($110,392.50), together with interest on the sum of ONE HUNDRED TEN THOUSAND DOLLARS ($110,000.00) from the 3rd day of May, 2003,

**BILLS INCORPORATED d/b/a DUFFY'S TAVERN,** in the aggregate sum of ONE HUNDRED TEN THOUSAND THREE HUNDRED NINETY-TWO and 50/100 DOLLARS ($110,392.50), together with interest on the sum of ONE HUNDRED TEN THOUSAND DOLLARS ($110,000.00) from the 3rd day of May, 2003.

The Judgments requested herein are for a sum certain and, therefore, no inquest is necessary. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in these default judgments as the interest of justice require the issuance of judgment as requested without further delay.

Plaintiff respectfully asks the Court to accept the following statutory authority for the damage requested.

## APPLICABLE STATUTORY AUTHORITIES

9.   Plaintiff seeks maximum damages pursuant to 47 U.S.C. §605 (e)(3)(C)(ii), which states as follows:

> In any case which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $ 100,000.00 for each violation of subsection (a).

10.   Subsection (a) as referred to above, prohibits the unauthorized reception ("interception") and divulgence ("publication/dissemination") of said broadcast.

11. Plaintiff also seeks the same award of damages as authorized by 47 U.S.C. §605 (e)(3)(C)(i)(II), which provides as follows:

> the party aggrieved may recover an award of statutory damages for each violation of subsec. (a) involved in the action in a sum of not less than $1,000.00 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in this action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $100,000, as the court considers just.

12. Paragraph (4), as referred to above, prohibits the "modification" of equipment used to assist in the reception of broadcasts such as that presently before this Court.

13. In sum, Plaintiff seeks recovery from these Defendants upon the following authorities:

**FOR VIOLATION OF 47 U.S.C. §605 (a) "INTERCEPTION & PUBLICATION"**

    A. 47 U.S.C. §605 (e)(3)(C)(ii)- Statutory award increase of up to $100,000.00

    B. Interest thereupon.

**FOR VIOLATION OF 47 U.S.C. §605 (e)(4) "MODIFICATION"**

    A. Statutory damages of up to $100,000.00.

    B. Interest thereupon.

**AUTHORITY FOR MAXIMUM STATUTORY AWARD**

14. In <u>Time Warner Cable of New York City, v. Ivan Olmo</u>, 977 F. Supp. 585 (E.D.N.Y. 1997), Judge Trager adopted the recommendation of Magistrate Judge Levy, that he award increased statutory damages, which is also set forth at 977 F. Supp. 585. The <u>Olmo</u> decision concerns claims against Mr. Olmo for which he admitted violations of both statutes being litigated herein. Although dealing with his admitted modification of two devices, the court increased the damage award pursuant to statute against the defendant by holding as follows:

> In addition, the court may draw an inference of willfulness from a defendant's failure to appear and defend an action in which the plaintiff demands increased statutory damages based on allegations of willful conduct. Fallaci v. The New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983) (inferring willfulness from defendant's default in a copyright infringement case). Olmo at 589.

15. It is respectfully submitted that, in accordance with DC Comics, Inc., v. Mini Gift Shop, 912 F. 2d 29 (2d Cir. 1990), the burden of proof shifts to the defendant once he admits the allegations contained in the complaint by his default, Fed. R. Civ. P. 8 (d); *also see*, 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 ($2^d$ ed. 1983).

16. Some Circuits have adopted this rationale in interpreting the analogous copyright law, 17 U.S.C. §101, *et seq*., DC Comics, Inc., *supra*.

17. In this vein, Courts have considered this factor as in a copyright infringement action to justify the awarding of enhanced damages against a defaulting defendant. In BMI, Inc., v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996), Magistrate Grubin, in recommending an enhanced damage award wrote the following:

> an award of statutory damages totaling $ 12,000 ($ 1,500 per song) is appropriate to compensate the copyright owners herein and to provide a deterrent for defendants and other would-be infringers. That sum is approximately five times what BMI license fees would have been plus plaintiffs' investigative expenses. That multiple of license fees is at the upper range of statutory damage awards in similar cases and ***is high enough to deter others from calculating that it would be cheaper to violate the copyright laws than to obtain an appropriate license agreement*** (emphasis ours). BMI at 660.

18. As the Court in Joe Hand Promotions, Inc. v. Salinetti, 148 F. Supp. 2d 119 (1st Cir 2001), opined, "Defendants cannot expect that, by ignoring the action, they will only be subject to

the costs they would have paid had they acted legitimately." The Court further found that Defendants should expect "that their statutory violations would result in an enhancement of damages as a future deterrent not only to them but to others."

19. This is the exact argument presented to this Court. Plaintiff requests that it be granted an award pursuant to statute which not only acts as restitution for the wrongs perpetrated upon its rights by the defendant, but, also to deter similar piracy in the Commonwealth of Massachusetts and elsewhere. This very argument was specifically made by Judge Chin in <u>Cablevision Systems New York City Corporation v. Faschitti</u>, 1996 U. S. Dist. LEXIS 1212; 38 U. S. P. Q. 2d (BNA) 1156, wherein the Court insightfully opined as follows:

> In light of the nature of the violation alleged in this case, however, I find that a higher award is necessary to deter future violations of the communications law. Faschitti's violation was willful and flagrant, and his failure to appear in the action illustrates his indifferent attitude toward the communications law, (citation omitted). In addition it is likely that Faschetti's interception cost Cablevision more than simply the fees it would have received if those in the tavern had purchased the right to view the fight legitimately. Many non-subscribers may feel no need to subscribe to Cablevision when they can access programming such as pay-per-view at commercial establishments. <u>Cablevision</u> at p. 5 LEXIS.

20. This is the exact form of market erosion Plaintiff, Garden City Boxing Club, Inc., has, and continues to suffer in the commercial pay-per-view market due to piracy.

### BASIS FOR JOINT AND SEVERAL LIABILITY

21. Plaintiff also submits authority for the Court to enter judgment against both the corporate Defendant and its named owner. It is well settled that vicarious liability, such as that sought herein, turns on whether there is the right and ability to supervise the activities and whether there is a direct financial stake in the infringing activities. *See*, <u>Gershwin Publishing Corp. v.</u>

Columbia Artists Management, Inc., 443 F. 2d 1159 (2d Cir. 1971), citing Shapiro, Bernstein & Co. v. H. L. Green Company, 316 F. 2d 304, 307 (2nd Cir. 1963).

22.     In fact, actual supervision is not required; all that is necessary is that "the individual defendant have the right and ability" to supervise the offensive activity. Warner Brothers, Inc. v. Lobster Pot, Inc., 582 F. Supp. 478, 483 (N. D. Ohio 1984).

23.     It is clear, as discussed above, that the copyright law, 17 U.S.C. §101, *et seq.*, is analogous to 47 U.S.C. §605, so much so that actions have been brought under both laws. *See*, Top Rank, Inc. v. Allerton Lounge, Inc., 1998 U. S. Dist. LEXIS 2394 (S. D. NY 1998).

24.     Pursuant to the statute, Plaintiff is also entitled to interest and costs. Plaintiff is requesting interest at the rate of nine (9 %) per cent on said total sum of $110,000.00 from the 3rd day of May, 2003.

25.     Plaintiff's litigation expenses as associated with the formation, pleading and filing of the above captioned matter are as outlined below:

        a.     Filing Fees -   $75.00 per Defendant

        b.     Service of Process- $180.00 per Defendant
Annexed hereto as Exhibit "D" are copies of the invoices from Pro-File Lawyers Services reflecting service upon Defendants.

        c.     Auditor Cost - $137.50 per Defendant
See attached Exhibit "E," affidavit of Plaintiff, Garden City Boxing Club, Inc.

26.     We respectfully request that judgment be entered in favor of Plaintiff and against each Defendant in the manner stated herein.

## CONCLUSION

**WHEREFORE**, Plaintiff, Garden City Boxing Club, Inc., requests that the default of the

Defendants

**SHANE A. HIGGINS, Individually**

**BILLS INCORPORATED d/b/a DUFFY'S TAVERN**

be noted and that judgment be entered in favor of plaintiff and against defendant in the manner stated herein.

Dated: December 14, 2004
      Ellenville, NY 12428

 /s/ Wayne D. Lonstein
Wayne D. Lonstein
Bar Roll No.  629060
Attorney for Plaintiff
1 Terrace Hill; PO Box 351
Ellenville, NY 12428
Telephone:  845-647-8500
Facsimile:   845-647-6277

Sworn to before me this 14th
day of December, 2004.

 /s/ April Draganchuk
*April Draganchuk*
*Notary Public State of New York*
*Registration  No. 4945872*
*Residing in Ulster County*
*My Commission Expires Jan. 27, 2007*